**RESTRICTED CATEGORY AIRCRAFT ASSOCIATION, Petitioner,**

v.

**Robert A. STURGELL,\* Administrator, Federal Aviation Administration, Respondent.**

**No. 06–71093.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Filed Dec. 3, 2007.

---

\* Robert A. Sturgell is substituted for his predecessor, Marion C. Blakey, as Administrator of the Federal Aviation Administration, pursuant to Fed. R.App. P. 43(c)(2).

Christopher Kilgore, Esq., Winstead Sechrest & Minick PC, Dallas, TX, for Petitioner.

Assistant General Fax, DOT—U.S. Department of Transportation, Office of the General Counsel, Vickie S. Leemon, Esq., Federal Aviation Administration, Office of the Chief Counsel, Washington, DC, for Respondent.

BEFORE: CANBY, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM **

The Restricted Category Aircraft Association ("RCAA") petitions for review of a final order of the Federal Aviation Administration ("FAA"), which adopted a new Airworthiness Directive ("AD") for certain Honeywell International Inc. ("Honeywell"), T53 turboshaft helicopter engines. The AD mandates reduced life limits on certain components of Honeywell's T53 engines for all applications within the jurisdiction of the FAA. Pursuant to the AD, operators of T53 engines must also use predetermined cycle-counting methods and comply with drawdown schedules to replace components that currently exceed the new life limits.

We have jurisdiction to review RCAA's petition under 49 U.S.C. § 46110(a). Under the Federal Aviation Act, "[f]indings of fact by the [agency], if supported by substantial evidence, are conclusive." 49 U.S.C. § 46110(c). In the absence of a contrary provision in the organic statute, we review the FAA's nonfactual determinations according to the standard provided by the Administrative Procedure Act ("APA"). *See City of Sausalito v. O'Neill,* 386 F.3d 1186, 1205 (9th Cir.2004) ("Because the statutes under which [plaintiff] seeks to challenge administrative action do not contain separate provisions for judicial review, our review is governed by the APA"). The APA directs reviewing courts to "set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Applying these standards, we review the FAA's determination that the pre-AD life limits on T53 engine components created an "unsafe condition." 14 C.F.R. § 39.5(a).

We conclude that the FAA's decision to rely on Honeywell's lifing analysis and field inspection of virgin and retired parts—as opposed to accident forensics, operational history or safety record—was reasonable and supported by substantial evidence. Accordingly, it does not invalidate the AD. It is well settled that "[a]n agency's scientific methodology is owed

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

substantial deference." *Gifford Pinchot Task Force v. U.S. Fish & Wildlife Serv.*, 378 F.3d 1059, 1066 (9th Cir.), *amended by* 387 F.3d 968 (9th Cir.2004). The FAA's methodological choices are supported by recent improvements in the scientific understanding of low-cycle fatigue and the absence of data from military operators, which comprise the largest user group of T53 engines. Moreover, the FAA convincingly points to uneven record-keeping of low-cycle fatigue and inadequate cycle-counting by civilian operators as further support for its analysis.

■ We also conclude that the acceleration-time assumption in Honeywell's lifing model does not invalidate the AD, especially in light of the robustness of the model's results in the face of variations in acceleration time.[1]

■ Finally, we conclude that the FAA's cost of compliance estimate reasonably adopts a "lost value" approach, which properly captures the cost of replacing the T53 components at an earlier stage than would have been necessary under pre-AD life limits. We also reject RCAA's argument that the FAA's cost estimate rendered the AD invalid "as a matter of law" because the estimate deviated from the agency's guidelines in the Airworthiness Directives Manual. The guidelines cited by RCAA are internal "rules of agency organization, procedure or practice" and, therefore, are not "enforceable against [the] agency in federal court." *United States v. Fifty–Three (53) Eclectus Parrots*, 685 F.2d 1131, 1136 (9th Cir.1982) (internal quotation marks omitted).

The petition for review is DENIED.

---

1. RCAA does not directly challenge the FAA's decision not to include Honeywell's testing data and model assumptions, a substantial part of which appears to be proprietary, in the administrative record. In addition, RCAA never moved in this court to obtain review of these proprietary materials *in camera* or under seal.

